IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DOLLY LOTT, et al., individually and on behalf of all others similarly situated | PLAINTIFFS |
| v. | CAUSE NO. 1:17cv217-LG-RPM |
| TAISHAN GYPSUM CO., LTD, et al. | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**
<u>**GRANTING DEFENDANTS' MOTION TO DISMISS**</u>

**BEFORE THE COURT** is the [21] Motion to Dismiss for Lack of Personal Jurisdiction filed by the defendants, Taishan Gypsum Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd. (hereafter collectively referred to as "Taishan").[1] The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the plaintiffs' claims should be dismissed for lack of personal jurisdiction.

BACKGROUND

On August 1, 2017, this case was filed as a putative class action against Taishan and three other defendants for damages caused by defective drywall installed in the plaintiffs' homes.[2] The case was transferred by the Judicial Panel on Multidistrict Litigation to the *In re Chinese-Manufactured Drywall Products Liability Litigation* in the United States District Court for the Eastern District of

---

[1] Initially, the defendants also sought dismissal pursuant to Fed. R. Civ. P. 12(b)(6), but they have withdrawn that portion of their Motion.
[2] The plaintiffs have voluntarily dismissed their claims against all defendants except for Taishan.

Louisiana. The case was remanded to this Court on April 15, 2020. Several months later, Taishan filed the instant Motion to Dismiss for Lack of Personal Jurisdiction.[3]

## DISCUSSION

"A federal court sitting in diversity may assert [personal] jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Taishan does not dispute that the Mississippi long-arm statute applies. Therefore, the only consideration is whether this Court's exercise of jurisdiction over Taishan would comport with due process. Federal due process requires a plaintiff to prove: (1) that the defendant purposely availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the state; and (2) that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* Federal jurisdiction consistent with due process "may be general or specific." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). "Where the plaintiff alleges specific jurisdiction, . . . due process requires (1) minimum contacts by the defendant purposefully directed at the forum

---

[3] The plaintiffs filed an Amended Complaint after Taishan filed its Motion. Although Motions to Dismiss are often found to be moot after an amended complaint is filed, Taishan has asked the Court to consider its Motion to Dismiss for Lack of Personal Jurisdiction in conjunction with the plaintiffs' Amended Complaint. The plaintiffs have not objected to this request. The Court finds that Taishan's request should be granted in the interest of judicial economy since the Amended Complaint has not altered the jurisdictional allegations in the plaintiffs' original Complaint.

state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *Id.* The minimum contacts "requirement can be satisfied by a showing that the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there." *Id.* Furthermore, the Fifth Circuit has explained:

> Whether specific jurisdiction can be properly asserted over a nonresident defendant is dependent on the relationship among the defendant, the forum, and the litigation. For the exercise of specific jurisdiction to comply with due process, the suit must arise out of or relate to the defendant's contacts with the forum. In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. Such activity or occurrence must create a substantial connection with the forum State. Absent this connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State. A defendant's general connections with the forum are not enough. Consistent with these principles, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.

*Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288-89 (5th Cir. 2020) (internal quotation marks and citations omitted).

The plaintiffs in the instant lawsuit rely on the stream-of-commerce doctrine in an effort to demonstrate that Taishan has minimum contacts with Mississippi. This doctrine "recognizes that a defendant may purposefully avail itself of the protection of a state's laws—and thereby subject itself to personal jurisdiction—by sending its goods rather than its agents into the forum." *Zoch*, 810 F. App'x at 289. This doctrine satisfies the requirement of minimum contacts if "the defendant

delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state." *Id.* at 290. However, the defendant's contacts are insufficient if the contacts were "random, fortuitous, or attenuated, or the result of the unilateral activity of another party or third person." *Id.*

Taishan has presented sworn testimony by its Chairman of the Board, Jia Tongchun, that Taishan is a Chinese corporation with its principal place of business in Tai'an City, Shandong Province, People's Republic of China. (Def.'s Mot. Ex. A, ECF No. 21-1). All of its employees are located in China, and it manufactures and sells drywall exclusively in China. *Id.* Taishan has no connection of any kind with Mississippi. *Id.* He further testifies:

> Taishan has manufactured drywall since 1992 but has not sold drywall to distributors for the United States except for a short period from March 2006 to July 2007. At that time, Taishan did not seek United States sales; instead, a domestic drywall shortage caused United States entities to come to China searching for any source of drywall. From 2006 to 2007, Taishan was contacted by American companies interested in purchasing drywall in China. From 2006 through 2007, Taishan entered into contracts with some American companies for the sale of drywall in China. These contracts were all stand-alone agreements for defined amounts of drywall. . . . When it sold drywall in 2006 and 2007, Taishan was never provided with and had no knowledge of the identity or location of any ultimate homeowner end-user anywhere. After delivery of the drywall to a port in China, Taishan had nothing more to do with the drywall thereafter. Taishan had no knowledge or information concerning whether any of the drywall it supplied in China pursuant to those contracts would be distributed or used in Mississippi. . . . Taishan eventually learned that the drywall sold to American buyers was shipped to states other than Mississippi, including Florida, Louisiana, New Jersey and Virginia in 2006-2007. Taishan had no expectation that the drywall would be supplied to consumers in Mississippi.

*Id.* (paragraph numbers omitted).

The plaintiffs have not presented any evidence regarding how Taishan's drywall may have made its way to Mississippi. All of the evidence before the Court indicates that, if Taishan's drywall was used in Mississippi homes, it arrived in the state through the actions of third persons unrelated to Taishan. There is no evidence that Taishan delivered its drywall into the stream of commerce with the expectation that it would be purchased or used by Mississippi residents. The plaintiffs have not set forth a prima facie case that Taishan has minimum contacts with Mississippi. They also have not attempted to prove the second factor for demonstrating that the exercise of personal jurisdiction over Taishan would comport with due process — whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts. Therefore, Taishan is not subject to personal jurisdiction in this Court, and its Motion to Dismiss must be granted.

## CONCLUSION

Taishan's Motion to Dismiss for Lack of Personal Jurisdiction is granted because the plaintiffs have not met their burden of demonstrating a prima facie case that this Court's exercise of personal jurisdiction over Taishan would comport with due process.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [21] Motion to Dismiss for Lack of Personal Jurisdiction filed by the defendants, Taishan Gypsum

Co., Ltd. and Tai'an Taishan Plasterboard Co., Ltd., is **GRANTED**.  This lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

**SO ORDERED AND ADJUDGED** this the 16th day of December, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE